**Don D. RHODES, Appellant,**

v.

**UNITED STATES of America.**

No. 19281.

United States Court of Appeals,
Third Circuit.

Submitted on Briefs Jan. 25, 1971.

Decided Feb. 16, 1971.

Don D. Rhodes, pro se.

Robert S. Steffens, Asst. U. S. Atty., Trenton, N. J. (Frederick B. Lacey, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before HASTIE, Chief Judge and ALDISERT and GIBBONS, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM:

This is an appeal from an order of the district court which on July 28, 1970, denied appellant's motion to vacate a five year sentence imposed on June 2, 1969, following a guilty plea. The motion to vacate the sentence was denied without a hearing on the basis of the district court record. Appellant contends that his guilty plea was entered against his wishes by counsel employed by the United States Attorney, was coerced, and was accepted without compliance with Rule 11, Fed.R.Crim.P.

■■ The district court records disclose that after first pleading guilty defendant on October 7, 1968, retracted that plea and entered a not guilty plea to an information charging him with interstate transportation of a forged security in violation of 18 U.S.C. § 2314 (1964). At that time he was represented by Jerry Sokol, Esq., of the New Jersey bar, who had been appointed to represent him by a court order filed September 16, 1968. Thereafter on June 2, 1969, he appeared with Mr. Sokol, retracted his not guilty plea and entered a guilty plea. The district court before accepting this plea conducted an examination of appellant which fully complied with Rule 11. When in the course of that examination appellant suggested that his offense might not be willful the court again offered an opportunity to withdraw his guilty plea. Appellant declined, indicating that when he deposited

the security, a check, he knew there was no money in the bank on which it was drawn. His presentence report, which disclosed similar activities, was referred to by the court. Under such circumstances the district court could properly accept the guilty plea. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The sentence imposed was within the range authorized by 18 U.S.C. § 2314. The district court's order of July 28, 1970, denying appellant's motion to vacate his sentence will be affirmed.

Appellant's motion that he be furnished with a copy of the transcript of proceedings in the district court held on June 2, 1969, at the expense of the United States is granted.